UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CRAIG PETERSEN,

            Plaintiff,

v.                                                                                3:11-CV-0116
                                                                                  (GTS/VEB)

MICHAEL J. ASTRUE, Comm'r of
Soc. Sec.,

            Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

LACHMAN & GORTON                                     PETER A. GORTON, ESQ.
  Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761

SOCIAL SECURITY ADMINISTRATION                       ANDREEA L. LECHLEITNER, ESQ.
OFFICE OF GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

     Currently before the Court, in this action by Craig Peterson ("Plaintiff") against Social

Security Commissioner Michael J. Astrue ("Defendant") seeking Social Security benefits

pursuant to 42 U.S.C. § 405(g), is the Report-Recommendation of United States Magistrate

Judge Victor E. Bianchini, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule

72.3(c) of the Local Rules of Practice for this Court, recommending that this action be remanded

to the Commissioner for further proceedings in accordance with the Report-Recommendation.

(Dkt. No. 22.)  No objections to the Report-Recommendation have been filed by the parties.  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I.     RELEVANT BACKGROUND

### A.     Procedural History

Because neither party has objected to Part II of Magistrate Judge Bianchini's Report-Recommendation, which sets forth the procedural background of this action, the Court adopts that part's description of this action's procedural background.  (*See generally* Dkt. No. 22, at Part II [Report-Rec].)

In January 2008, Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act based on physical and mental impairments which left him unable to work.[1]  (*See* Administrative Transcript ["T."] at 91-98.)[2]  Plaintiff's application was initially denied by the Social Security Administration; and on April 9, 2010, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. (T. at 24.)

On June 22, 2010, the ALJ issued his decision, finding that Plaintiff became disabled under the Social Security Act on May 22, 2010, but had not been disabled prior to that date.  (T.

---

[1]     Plaintiff allegedly suffers from degenerative disc disease of the lumbar and cervical spines; bilateral carpal tunnel syndrome; migraines; hypothyroidism, hemorrhoids; osteoporosis, history of alcohol dependence; insomnia; depression, panic disorder without agoraphobia; and personality disorder.  (T. at 12-14).

[2]     "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'"  *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

at 10-17.) Plaintiff appealed this decision to the Social Security Administration's Appeals Council; and on January 10, 2011, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T. at 1-4.) On February 2, 2011, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in support of his Complaint, Plaintiff asserts the following three arguments: (1) the ALJ erred in assessing Plaintiff's credibility (Dkt. No. 14 at 1); (2) the ALJ's assessment of Plaintiff's residual functional capacity was improper and was not supported by substantial evidence (*id.* at 2); and (3) the ALJ should have consulted a vocational expert in determining Plaintiff's ability to perform work (*id.* at 3). Generally, in response, Defendant disagrees with each of these three arguments, and argues that the Commissioner's decision should be affirmed. (Dkt. No. 16.)

### B.      Magistrate Judge Bianchini's Report-Recommendation

On August 10, 2012, Magistrate Judge Bianchini issued a Report-Recommendation recommending that Petitioner's case be remanded to the Commissioner for further review on the following grounds: (1) the ALJ's analysis with respect to Plaintiff's RFC determination is flawed and contradicts substantial evidence in the record (specifically, the ALJ judge relied on the opinion of the consultative examiner's opinion which is not supportive of the ALJ's RFC assessment); (2) the ALJ's analysis of Plaintiff's psychiatric impairments (a) differs from the consultative psychologist's opinion which noted Plaintiff's inability to maintain attention and concentration, and (b) fails to account for the relevant mental demands associated with basic sedentary work and a vocational expert should be consulted to clarify the record; (3) because the ALJ's analysis of Plaintiff's credibility was brief and conclusory, and is unsupported by

evidence in the record, it requires further analysis once Plaintiff's physical and mental limitations are reassessed by the ALJ.  (Dkt. No. 22, at Part III.B.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings,  recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[3]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4]

---

[3]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v.*

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

*Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[5] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[6] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[7]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Judicial Review of Defendant's Decision

In Part III.A. of his Report-Recommendation, Magistrate Judge Bianchini correctly recites the legal standard governing judicial review of Defendant's decision. (Dkt. No. 22, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

### III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Bianchini's Report-Recommendation, the Court concludes that Magistrate Judge Bianchini's thorough Report-Recommendation is correct in all respects. Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 22.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 22) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

[7] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**ORDERED** that the case is remanded to the Commissioner for further proceedings consistent with the Report-Recommendation (Dkt. No. 22).

Dated: September 25, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge